UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------

JAMES F. BEIL, : CASE NO. 1:18CV02284
:
    Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 1, 2]
:
FIRST CORRECTIONAL MEDICAL, et al., :
:
    Defendants. :
:
-------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff James Beil brings this action against First Correctional Medical and M.T.C.[1] He identifies the federal statute under which he brings his claims as "Health Care."[2] The complaint asserts eight claims without supporting factual allegations, and states in its entirety as follows:

    I.    No surgery led to prostate damage & torture. No proper pill. Pain! Delayed me too many years. Chronic Pelvic pain syndrome. Prostatitis;
    II.    Lost wages & business & home improvement;
    III.    Lost pension (teamster);
    IV.    Lost jobs. Lost time;
    V.    Lost social life & workouts & family life;
    VI.    Mock me & [illegible] Father (Police);
    VII.    Lost [sic] of further College; and
    VIII.    More possible lawsuits.

Although *pro se* pleadings are liberally construed,[3] the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which

---

[1] Doc. 1.

[2] Doc. 1-1 at 1.

[3] *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Case No. 1:18CV02284
Gwin, J.

relief can be granted, or if it lacks an arguable basis in law or fact.[4] The Court's obligation to liberally construe Plaintiff's complaint is not without limits and does not require the Court to conjure factual allegations or legal claims on Plaintiff's behalf.[5]

As a threshold matter, federal courts are courts of limited jurisdiction and it is Plaintiff's burden to establish that this Court has authority to hear his case.[6] Federal courts have subject-matter jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States,"[7] and over cases where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.[8]

Plaintiff's complaint does not articulate a cognizable federal question, nor is a federal question is discernable on the face of the pleading. While Plaintiff seeks One Million Dollars in damages, Plaintiff's complaint does not articulate facts from which the Court could infer a basis for diversity jurisdiction. Even liberally construed, Plaintiff's complaint does not invoke federal subject matter jurisdiction and without subject matter jurisdiction, the Court lacks authority over this matter.[9] Nor does the complaint satisfy

---

[4] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

[5] *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (collecting cases); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

[6] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (collecting cases).

[7] 28 U.S.C. § 1331.

[8] 28 U.S.C. § 1332.

[9] *Carlock v. Williams*, 182 F.3d 916 (Table) (6th Cir. 1999) (when the face of the complaint provides no basis for federal jurisdiction, the action may be dismissed as frivolous and for lack of subject matter jurisdiction) (citing *Michigan Sav. and Loan League v. Francis*, 683 F.2d 957, 960 (6th Cir. 1982)); *see also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (holding that a district court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. Pl 12(b)(1) when the allegations of the complaint are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.") (citation omitted).

Case No. 1:18CV02284
Gwin, J.

federal notice pleading requirements because it does not provide defendants with fair notice of the claims against them and the grounds upon which those claims rest.[10]

Accordingly, this action is dismissed for lack of subject matter jurisdiction and pursuant to 28 U.S.C. § 1915(e). Plaintiff's application to proceed *in forma pauperis* is granted.[11]

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: June 18, 2019                     *s/    James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

---

[10] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[11] Doc. 2.